# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-0801V
Filed: July 2, 2018
UNPUBLISHED

| | |
|---|---|
| JODIE L. PASCHALL-MAJERUS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Douglas Lee Burdette, Burdette Law, PLLC, North Bend, WA,* for petitioner.
*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC,* for
    respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 14, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table after receiving the tetanus, diphtheria, and acellular pertussis vaccine on May 31, 2016. Petition at 1, ¶ 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 7, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On June 28, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $115,000.00, representing compensation for her past and future pain and suffering. Proffer at 1-2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* at 1. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $115,000.00, representing compensation for actual and projected pain and suffering in the form of a check payable to petitioner, Jodie L. Paschall-Majerus.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JODIE L. PASCHALL-MAJERUS, ) | |
| ) | No. 17-801V |
| Petitioner, ) | Chief Special Master Dorsey |
| ) | ECF |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## PROFFER ON AWARD OF COMPENSATION

**I.     Compensation for Vaccine Injury-Related Items**

On March 5, 2018, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34.  Accordingly, on March 7, 2018, the Chief Special Master issued a Ruling on Entitlement.

Respondent now proffers that, based on the evidence of record, petitioner should be awarded $115,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Items of Compensation and Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

A. Petitioner's Damages

A lump sum payment of $115,000.00 for past and future pain and suffering in the form of a check payable to petitioner, Jodie L. Paschall-Majerus.

B. Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/ Daniel A. Principato
DANIEL A. PRINCIPATO
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3662
Fax: (202) 353-2988

Dated: June 28, 2018